### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| RICKY GUY LEATHERWOOD, | ) | |
| Movant, | ) ) ) | |
| vs. | ) ) | 2:10-cv-8054-LSC-JHE |
| | ) | 2:08-cr-0064-LSC-JHE |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION

This is a motion to vacate, set aside, or correct a sentence, brought by a federal prisoner, pursuant to 28 U.S.C. § 2255.

### PROCEDURAL HISTORY

The movant, Ricky Guy Leatherwood, was convicted in this court on July 2, 2008, on his plea of guilty[1] to one count of conspiracy to possess with intent to distribute fifty grams or more of cocaine base, five kilograms or more of cocaine hydrochloride, and marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A)(Count 1s); one count of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(Count 8s); one count of criminal forfeiture, in violation of 21 U.S.C. § 853(a)(1) and (2)(Count 34s); and two counts of use of a communication device to facilitate a drug trafficking crime, in violation of 21 U.S.C. § 843(b)(Counts 49s and 52s).

---

[1] Leatherwood entered his guilty plea without the benefit of a written plea agreement.

He was sentenced on October 23, 2008, to a term of imprisonment for 120 months on each count, to be served concurrently, and to be followed by a 60-month supervised release term.

On appeal, Leatherwood's court-appointed attorney Thomas Wolsoncroft filed a motion to withdraw, supported by an *Anders* brief. The Eleventh Circuit Court of Appeals affirmed Leatherwood's conviction and sentences on September 17, 2009, noting that its "independent examination of the entire record revealed no arguable issues of merit."

## CLAIMS

In support of his motion to vacate, Leatherwood claims that he received constitutionally ineffective counsel because counsel:

1. failed to inform him that he could be sentenced below the mandatory minimum 120-month sentence pursuant to the "safety-valve"; and

2. failed to argue that his sentence should be reduced pursuant to the Fair Sentencing Act of 2010, which was pending at the time.

In response to the court's order to show cause, the respondent has filed an answer in which it maintains that the motion to vacate is due to be denied. In response, Leatherwood has filed a traverse.

## ANALYSIS

The United States Supreme Court has established a national standard for judging the effectiveness of criminal defense counsel under the Sixth Amendment. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having

produced a just result." *Strickland v. Washington*, 466 U.S. 668 (1984). The Court elaborated:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. "Because the [petitioner] must prove both deficiency and prejudice, a [petitioner's] failure to prove either will be fatal to his claim." *Johnson v. Scott,* 68 F.3d 106, 109 (5th Cir. 1995).

Under the *Strickland* test, the petitioner must initially show that counsel's representation fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "While it need not be errorless, counsel's advice 'must be within the realm of competence demanded of attorneys representing criminal defendants.'" *Jones v. White*, 992 F.2d 1548, 1557 (11th Cir. 1993)(*quoting Stano v. Dugger*, 921 F.2d 1125, 1151 (11th Cir.)(en banc), *cert. denied*, 502 U.S. 835 (1991)). In making such an evaluation, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The effectiveness or ineffectiveness of counsel must be evaluated by consideration of the totality of the circumstances. *Stanley v. Zant,* 697 F.2d 955, 962 (11th Cir. 1983), *cert. denied,* 467 U.S. 1219 (1984).

The second requisite element in a claim of ineffective assistance of counsel is a showing of prejudice. Even if counsel made an error so egregious as to be outside the broad scope of competence expected of attorneys, a movant can obtain relief only if the error caused actual prejudice. *Strickland,* 466 U.S. at 691-92. In order to establish actual prejudice, a petitioner must show that "there is a reasonable probability that but for the attorney's unprofessional errors, the result of the proceeding would have been different." *Armstead v. Scott,* 37 F.3d 202, 207 (5th Cir. 1994). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. *Strickland,* 466 U.S. at 694. Furthermore, in addition to showing that the outcome would have been different, a petitioner must prove that "counsel's deficient performance caused the outcome to be unreliable or the proceeding to be fundamentally unfair." *Armstead v. Scott,* 37 F.3d 202, 207 (5th Cir. 1994)(*citing Lockhart v. Fretwell*, 113 S. Ct. 838, 844 (1993)). "In other words, a 'counsel's unprofessional errors [must] so upset the adversarial balance between the defense and prosecution that the trial was rendered unfair and the verdict suspect.'" *Weekley v. Jones*, 56 F.3d 889, 897 (8th Cir. 1995)(*quoting Fretwell*, 113 S. Ct. at 842). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Fretwell*, 113 S. Ct. at 844.

The *Strickland* two-part test applies to challenges to guilty pleas based on ineffective assistance of counsel. *United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001); *Hill v.*

4

*Lockhart*, 474 U.S. 52, 60 (1985). In a guilty plea context, a defendant must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Gordon v. United States*, 518 F.3d 1291, 1297 (11th Cir. 2008)(quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

### A. Safety-Valve Provision

Leatherwood first claims that counsel was ineffective for failing to inform him that he could be sentenced below the mandatory minimum 120-month sentence pursuant to the "safety-valve." A district court may impose a sentence of imprisonment below the statutory minimum if the defendant meets the "safety-valve" criteria set forth in 18 U.S.C. § 3553(f). Title 18 U.S.C. § 3553(f) provides:

> (f) Limitation on applicability of statutory minimums in certain cases.-- Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) or section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C. 960, 963), the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that--
>
> > (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
> >
> > (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> >
> > (3) the offense did not result in death or serious bodily injury to any person;

5

>(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
>
>(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

Leatherwood alleges that he met all the requirements for application of the "safety-valve" and, but for counsel's failure to discuss the "safety-valve" provision with him or argue in court for a "safety-valve" reduction, he would have been eligible for a sentence reduction.

To meet the requirements of the "tell-all" provision of the "safety-valve," a defendant has an "affirmative responsibility to 'truthfully disclose to the government all information and evidence that he has about the offense and all relevant conduct.'" *United States v. Johnson*, 375 F.3d 1300, 1302 (11th Cir. 2004)(citing *United States v. Yate*, 176 F.3d 1309, 1310 (11th Cir. 1999)).  The offense for which the defendant is convicted determines the scope of information a defendant must disclose. *Id*. (citing *United States v. Figueroa*, 199 F.3d 1281, 1283 (11th Cir. 2000).

In response to the allegations against him, Leatherwood's court-appointed attorney, Thomas Wolsoncroft, has submitted an affidavit. Doc. 6-3. In his affidavit, Mr. Wolsoncroft

states that on several occasions he discussed possible sentence reductions with Leatherwood, but Leatherwood affirmed on more than one occasion that he "would not give evidence or cooperate with the Government." *Id*. at 2. Additionally, the government states in its response to the motion to vacate, that following the plea hearing, the prosecutor, in the presence of Mr. Wolsoncroft, took an additional, un-required step, and advised Leatherwood that he would be required to serve the full 10-year sentence unless he cooperated with the government. Doc. 6 at 12. Leatherwood initially indicated he would "think about it," but later in the same conversation stated "he did not want to cooperate with the government." *Id*.

Leatherwood admits that on July 2, 2008, after the plea hearing, he stated that he was not interested in cooperating with the government. Doc. 8 at 3. He seems to believe that his statement that he did not want to cooperate should have led Mr. Wolsoncroft to question his understanding of the benefit of cooperating. *Id*. However, Mr. Wolsoncroft cannot be held responsible for reading Leatherwood's mind. The court concludes that given Leatherwood's statements that he was not interested in cooperating, it was reasonable for Mr. Wolsoncroft to neither advise Leatherwood of his eligibility for the safety-valve, nor move for safety-valve treatment. Because Leatherwood has not established that counsel's failure to discuss the safety-valve with him or raise it in court was deficient, there is no need to address prejudice. *Johnson v. Scott,* 68 F.3d 106, 109 (5th Cir. 1995).

**B. Fair Sentencing Act**

The Fair Sentencing Act of 2010 ("FSA"), which became effective on August 3, 2010, lowered the statutory mandatory minimum penalties for crack cocaine offenses under 21 U.S.C. § 841(b). *See Fair Sentencing Act of 2010*, Pub.L. No. 111–220 § 2(a), 124 Stat. 2372 (2010). Leatherwood was sentenced on October 23, 2008. He claims that Mr. Wolsoncroft should have argued for his sentence to be reduced pursuant to the FSA, since the law was pending at the time.

In *Dorsey v. United States*, 567 U.S. —, 132 S. Ct. 2321, 2335, 183 L. Ed. 2d 250 (2012), the Supreme Court held that the more lenient mandatory-minimums in the FSA apply to defendants sentenced after August 3, 2010, the effective date of the FSA, where their conduct occurred before that date. The Eleventh Circuit Court of Appeals has since held that the FSA applies retroactively only to those defendants sentenced after August 3, 2010, the date on which the FSA took effect. *United States v. Berry*, 701 F.3d 374, 377–78 (11th Cir. 2012) (noting that *Dorsey* did not suggest that the FSA's new mandatory minimums should apply to defendants who were sentenced long before the effective date of the Fair Sentencing Act).

The Fair Sentencing Act does not apply to Leatherwood since he was sentenced on October 23, 2008, almost two years before the effective date of the FSA. Thus, even assuming that Mr. Wolsoncroft should or could have raised this issue at sentencing, Leatherwood was not prejudiced by that omission since the FSA does not apply to him.

## **CONCLUSION**

The motion to vacate is due to be DENIED and DISMISSED. An appropriate order will be entered.

DONE this 21st day of January, 2014.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
174256